UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES ROBERT SORRELL,

    Defendant.

NO. CR-11-058-RHW

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

A jury convicted Defendant of failing to register under the Sex Offender Registration and Notification Act (SORNA). He now moves the Court for a judgment of acquittal under Rule 29(c), arguing the evidence presented was insufficient to establish that he "resided" in the Eastern District of Washington. The Court must deny his motion.

**BACKGROUND**

A complement to similar state laws, SORNA requires that sex offenders register in each jurisdiction in which they "reside," work, or go to school. 42 U.S.C. § 16913(a). Failing to register is a federal crime. 18 U.S.C. §2250(a). Conviction for this offense requires that the Government prove three elements: (1) that the defendant is a sex offender as defined by SORNA and, therefore, is required to register under SORNA; (2) that the defendant traveled in interstate or foreign commerce; and (3) that

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** * 1

the defendant knowingly failed to update his registration as required. *See* id.

In 1988, Defendant was convicted in Idaho for a sexual offense, bringing him under SORNA's purview.[1] He was arrested in Spokane on March 25, 2011, after a database search revealed he was not registered in Washington. The arresting officer (Officer Downey) described that, at the time of his arrest, Defendant was staying in a Spokane shelter. ECF No. 82, at 112 (Trial Transcript; "Trans."). Officer Downey testified that individuals could reserve a bed there for two days at a time. Id. 112-13. He stated further that he was "fairly certain" he also saw Defendant in the city that January. Id. at 111. Two security officers from Washington State University's Spokane campus also testified that they encountered Defendant on separate days in March of 2011. Id. at 130-33.

Finally, a search of Defendant at the time of his arrest revealed a clipping from the April 15, 2010 edition of The Spokesman Review featuring a photograph of Defendant in Spokane. Trans. at 117. Defendant also carried an appointment card issued in 2004 by the Multnomah County, Oregon, Department of Health. Id. at 118-19.

At Defendant's trial, the Court instructed the jury as to each element of the crime. ECF No. 69, at 6 (Instruction No. 5). Instruction No. 7 defined "resides" as "the location of an individual's home or other place where the individual habitually lives." Id. at 8 (tracking statutory language in 42 U.S.C. § 16911(13)). Defendant argues that the evidence presented cannot show his stays in Spokane were habitual. If true, SORNA would not obligate him to register in Washington and, therefore, the Government failed to prove its case.

---

[1] Defendant stipulated to his prior conviction and agreed that it subjected him to SORNA's registration requirements. ECF No. 67.

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** \* 2

## STANDARD

Rule 29(c) allows for a motion for judgment of acquittal within seven days of the jury's discharge. In considering a Rule 29 motion for judgment of acquittal, the evidence against defendant is reviewed in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Von Willie, 59 F.3d 922, 928 (9th Cir. 1995). All reasonable inferences are drawn in favor of the government. United States v. Andrino-Carillo, 63 F.3d 922, 924 (9th Cir. 1995).

## ANALYSIS

Defendant argues that these sporadic visits to Spokane—in April, 2010, and March 2011, and possibly also in January, 2011—are too remote in time for the jury to conclude that he "habitually" lived there. He points to various definitions of habitual, for example: "Customarily; by frequent practice or use. *It does not mean entirely or exclusively*." Black's Law Dictionary, 711 (6th ed.) (emphasis added). Defendant suggests that a two night stay in a shelter does not meet this definitional standard. This, of course, ignores the prior observations testified to by officers and the newspaper photograph. Even so, the Eighth Circuit recently rejected "the suggestion that a savvy sex offender can move to a different city and avoid having to update his SORNA registration by sleeping in a different shelter or other location every night." United States v. Voice, 622 F.3d 870, 875 (8th Cir. 2010) (conviction affirmed where evidence showed defendant lived in at least two different locations over a two-month span without updating his registration); *see also* United States v. Bruffy, 2010 WL 2640165, *5 (E.D. Va. June 30, 2010) ("Although [defendant] was essentially living out of his car, that fact in and of itself does not mean that [he] had not established a residence."). The jury in Voice was given a definition of "resides" verbatim to that here. Id. at 874.

Defendant next notes the proximity of Canada and Idaho to Spokane and invites the Court to infer that he was outside the district between visits. It is the Government,

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** * 3

however, that is entitled to favorable inferences of the evidence on a motion for acquittal. Andrino-Carillo, 63 F.3d at 924. It is just as reasonable for a jury to conclude that Defendant remained in Spokane during the periods between.

Finally, Defendant states that the jury was not "appreciative of the term 'habitual'" and suggests that it, along with "resides," are actually legal terms of art. ECF No. 84, at 7. This argument is belied by the fact that the Court was not required to provide a definition of "resides" at all. *See* United States v. Poitra, --- F.3d ----, 2011 WL 3477192 (8th Cir. Aug. 10, 2011) (not plain error to omit instruction on meaning of "resides"). The Poitra court held that the statutory definition is similar to the commonly held understanding of the term, defeating the need for a legal explanation. Id. at *2.

## **CONCLUSION**

Construed in the light most favorable to the Government, the evidence showed that Defendant was in Spokane in April, 2010, and again in January and March of 2011. Defendant's arguments about the intervening time periods are unavailing. The Court finds there was sufficient evidence for the jury to conclude that Defendant "resided" in the Eastern District of Washington.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for a Judgment of Acquittal (ECF No. 83) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 28th day of September, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCRIMINAL\2011\Sorrell\acquittal.ord.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** * 4